

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

WAS / ALL
Transmittal Number: 8570946
Date Processed: 03/24/2011

| | |
|---|---|
| Primary Contact: | Robert McIntyre<br>United Rentals Risk Services & Benefits, Inc.<br>450 Glass Lane<br>Suite B-2<br>Modesto, CA 95356 |
| Copy of transmittal only provided to: | Rita Castro<br>Ms. Jan Cordoni |
| Entity: | United Rentals (North America), Inc.<br>Entity ID Number 2032471 |
| Entity Served: | United Rentals (North America), Inc. |
| Title of Action: | Juan Gibson vs. United Rentals (North Amercia), Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Richland County Court of Common Pleas, South Carolina |
| Case/Reference No: | 2011-CP-40-1838 |
| Jurisdiction Served: | South Carolina |
| Date Served on CSC: | 03/23/2011 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Pamela R. Mullis<br>803-799-9577 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# MULLIS LAW FIRM

1229 ELMWOOD AVENUE
THE HALTIWANGER HOUSE
P.O. Box 7757
COLUMBIA, SOUTH CAROLINA 29202-7757

Office (803) 799-9577 • Fax (803) 254-8956

J. MARVIN MULLIS, JR.
ATTORNEY AT LAW, PA
HOME TELEPHONE 736-9937

PAMELA R. MULLIS
ATTORNEY AT LAW

March 22, 2011

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RESTRICTED**
Corporation Service Co.
Registered Agent for United Rentals (North America), Inc.
1703 Laurel Street
Columbia, SC 29201

RE: Juan Gibson v. United Rentals (North America), Inc. and John Doe Manufacturer
Case No.: 2011-CP-40-1838

Dear Registered Agent:

Enclosed for service upon you as Registered Agent for United Rentals (North America), Inc. is a file-stamped copy of Plaintiff's Summons and Complaint in regard to the above-referenced matter.

With kind regards, I am

Sincerely yours,

Pamela R. Mullis

Pamela R. Mullis

PRM/etk
Enclosure

STATE OF SOUTH CAROLINA )
COUNTY OF RICHLAND )   IN THE COURT OF COMMON PLEAS
)
Juan Gibson, )
)   CIVIL ACTION COVERSHEET
                                 Plaintiff(s) )
)   2011-CP - 40- 1838
vs. )
)
United Rentals (North America), Inc. and John )
Doe Manufacturer, )
                                Defendant(s) )

(Please Print)
Submitted By: Pamela R. Mullis
Address: Mullis Law Firm
P.O. Box 7757
Columbia, SC 29202-7757

SC Bar #: 13503
Telephone #: 803-799-9577
Fax #: 803-254-8956
Other:
E-mail: prmullis@mullislawfirm.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleading or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☒ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
|  | ☐ Other (299) | ☐ Other (399) | ☐ Other (399) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
|  | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
|  | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
|  | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
|  |  |  | ☐ Zoning Board (970) |
|  | ☐ Other (799) |  | ☐ Administrative Law Judge (980) |
| **Special/Complex /Other** |  |  | ☐ Public Service Commission (990) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |  | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |  | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) |  |  |
| ☐ Other (699) | ☐ Sexual Predator (510) |  |  |

Submitting Party Signature: *[signature]*     Date: 3-18-2011

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (07/09)     Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**
Allendale, Anderson, Beaufort, Colleton, Florence, Greenville,
Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.



STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   FOR THE FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND      )   CASE NO.: 2011-CP-40-
                        )
Juan Gibson,            )
                        )
         Plaintiff,     )
                        )
    v.                  )           SUMMONS
                        )   (Products Liability/ Breach of Warranty)
United Rentals (North America), Inc.)   (Jury Trial Requested)
and John Doe Manufacturer,          )
                                    )
         Defendants.                )
_____)

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, Mullis Law Firm, 1229 Elmwood Avenue, Post Office Box 7757, Columbia, South Carolina 29202, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

*[signature]*

J. Marvin Mullis, Jr.
Pamela R. Mullis
**MULLIS LAW FIRM**
Post Office Box 7757
Columbia, South Carolina  29202
(803) 799-9577

Columbia, South Carolina
March 18, 2011

STATE OF SOUTH CAROLINA        )     IN THE COURT OF COMMON PLEAS
                               )     FOR THE FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND             )     CASE NO.: 2011-CP-40-
                               )
Juan Gibson,                   )
                               )
        Plaintiff,             )
                               )     **COMPLAINT**
        v.                     )     (Products Liability/ Breach of Warranty)
                               )     (Jury Trial Requested)
United Rentals (North America), Inc.)
and John Doe Manufacturer,     )
                               )
        Defendants.            )
_____)

The Plaintiff above named, complaining of the Defendants herein, would respectfully show unto the Court:

1. The Plaintiff is a citizen and resident of Richland County, State of South Carolina.

2. The Defendant United Rentals (North America), Inc. is, upon information and belief, a corporation organized and existing pursuant to the laws of the state of South Carolina and does conduct business in and does maintain agents, servants, and employees in Richland County, State of South Carolina.

3. The Defendant John Doe Manufacturer is, upon information and belief, a company or corporation organized and existing pursuant to the laws of one of the United States and does conduct business in and does maintain agents, servants, and employees in the County of Richland, State of South Carolina.

4. At all times herein mentioned and in regard to all matters herein mentioned the Defendants did act by and through their respective agents, servants, and employees, for whose acts and or omissions the Defendants are jointly and severally liable.

5. On or about November 18, 2008, the Plaintiff, while working for his employer, was using a dirt pounder (tamp machine) which was rented from Defendant United Rentals, Inc. and manufactured by Defendant John Doe Manufacturer.

6. Plaintiff was using said dirt pounder (tamp machine) in a trench and as he tamped the incline, the approximately 350 to 500 pound tamp machine fell across and on top of the Plaintiff while still operating. The Plaintiff was unable to turn off the tamp machine or otherwise stop the operation of the machine.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

7. The Plaintiff repeats each and every allegation of the Complaint as if stated herein verbatim.

8. The Plaintiff is informed and believes the Defendants were negligent, careless, willful, wanton, reckless, and grossly negligent in the following ways:

   a. In placing in the stream of commerce, distributing, selling, manufacturing, designing, inspecting, advertising, delivering, and/or maintaining dirt pounders (tamp machines) they knew or should have known were defective;

   b. In providing and supplying a dirt pounder (tamp machine) that was not reasonably safe and/or fit for the purposes for which it was distributed, sold, manufactured, designed advertised, inspected or delivered and/or maintained; and,

   c. Other ways to be proven at the trial of this case.

9. That as a direct and proximate result of the acts and/or omissions of Defendants, the Plaintiff has been injured as follows:

   a. suffered traumatic and permanent injury to his neck, back, chest, right shoulder, knees, left and right wrists, and body;

Page 2 of 5

    b.    incurred substantial medical expenses and will continue to incur such expenses in the future;

    c.    suffered severe pain and mental anguish and will continue to so suffer in the future;

    d.    suffered an impairment in his ability to enjoy life; and

    e.    suffered a loss of wages and an impairment in his ability to earn wages in the future.

10. As a result of the negligence and recklessness of the Defendants, which injured the Plaintiff, the Plaintiff is informed and believes he is entitled to recover actual and punitive damages against the Defendants, for which they are jointly and severally liable.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Warranty)

11. The Plaintiff repeats each and every allegation of the Complaint as if stated herein verbatim.

12. The Defendants expressly and impliedly represented warranties that the dirt pounder (tamp machine) was safe for use, fit for the purposes intended, and of merchantable quality and did place the dirt pounder and/or tamp machine into the stream of commerce.

13. The dirt pounder (tamp machine) was not fit for the ordinary purposes for which it was sold because of inadequate design and manufacturing which made it dangerous and harmful.

14. The Plaintiff suffered damages as stated above as a result of the breach of Defendants' implied and express warranties, and as a result of the unsafe dirt pounder (tamp machine).

15. As a result of the breach of warranty of the Defendants, which injured the Plaintiff, the Plaintiff is informed and believes he is entitled to recover actual and punitive damages against the Defendants, for which they are jointly and severally liable.



## FOR A THIRD CAUSE OF ACTION
(Products/Strict Liability)

16. The Plaintiff repeats each and every allegation of the Complaint as if stated herein verbatim.

17. The dirt pounder (tamp machine) was defective and/or not safe for reasonably foreseeable uses when it left the possession of the manufacturer, distributor, retail dealer, supplier, and broker, and there have been no unforeseeable modifications, additions, or alterations.

18. As a direct and proximate result of the defective design, manufacture, and construction of the dirt pounder (tamp machine), the Plaintiff was injured as stated above.

19. Therefore, the Plaintiff is informed and believes he is entitled to recover actual and punitive damages against the Defendants, for which they are jointly and severally liable under the law of liability of defective products (S.C. Section 15-73-10).

## FOURTH CAUSE OF ACTION
(Unfair Trade Practices)

20. Plaintiff repeats each and every allegation of the Complaint as if stated herein verbatim.

21. The acts and omissions of Defendants, their agents and/or employees, constitute violations of the South Carolina Unfair Trade Practices Act, as proscribed in Section 39-5-10, et seq. South Carolina Code Ann., in that the Defendants placed into the stream of commerce a dirt pounder (tamp machine) which was unreasonably defective and Defendants acted in a deceptive manner by advertising, offering for sale, and impliedly and explicitly warranting that the dirt pounder (tamp machine) was fit for the purpose for which it was sold.

22. There is a potential for and have been a repetition of acts of this nature.

Page 4 of 5



23. As a result of the violation of the South Carolina Unfair Trade Practices Act, the Plaintiff has sustained actual damages, and has been forced to incur attorney's fees and costs, and the Plaintiff requests the Court award treble damages, attorney's fees and costs.

WHEREFORE, the Plaintiff prays for judgment against the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, actual and punitive damages, for the costs of this action, and for such further relief as the Court may deem just and proper.

*(signature)*
J. Marvin Mullis, Jr.
Pamela R. Mullis
**MULLIS LAW FIRM**
Post Office Box 7757
Columbia, South Carolina 29202
(803) 799-9577

Columbia, South Carolina
March 18, 2011

JURY TRIAL REQUESTED.



7009 0820 0001 2270 1782

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RESTRICTED**
Corporation Service Co.
Registered Agent for United Rentals (North America), Inc.
1703 Laurel Street
Columbia, SC 29201



**MULLIS LAW FIRM**
P.O. BOX 7757
COLUMBIA, SOUTH CAROLINA 29202-7757